892 F.2d 75
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Luis TANG-FORTALECHE, Plaintiff-Appellant,
v.
Donald O. LINCOLN, Jr.; Douglas Driver; Thomas Telles,
Defendants-Appellees.
 No. 89-7673.
 United States Court of Appeals, Fourth Circuit.
 Submitted: Oct. 25, 1989.
Decided: Dec. 11, 1989.
 
 Jonathan M. Apgar, Willis, Damico & Apgar, on brief, for appellant.
 John P. Alderman, United States Attorney; Julie M. Campbell, Assistant United States Attorney, on brief, for appellees.
 Before K.K. HALL, PHILLIPS and MURNAGHAN, Circuit Judges.
 PER CURIAM:
 
 
 1
 The plaintiff in this action appeals the district court's dismissal of his Bivens action against two Drug Enforcement Agency (DEA) special agents in their individual capacities. Plaintiff Luis Tang-Fortaleche, a Panamanian National, claims that DEA Special Agents Douglas Driver and Thomas Telles illegally abducted Tang-Fortaleche in Panama for extradition to the United States pursuant to a joint U.S.-Panama drug investigation. The district court dismissed plaintiff's claim, under Fed.R.Civ.P. 12(b)(2), for lack of personal jurisdiction, and under Fed.R.Civ.P. 12(b)(3), for improper venue. We affirm.
 
 
 2
 * We turn first to the district court's Fed.R.Civ.P. 12(b)(2) dismissal for lack of personal jurisdiction. Assuming without deciding that Virginia's long-arm statute, Va.Code § 8.01-328.1 applies, we uphold the district court's rejection of personal jurisdiction in the Western District of Virginia as violative of Driver's and Telles' due process rights.
 
 
 3
 Where the nonresident over whom jurisdiction is asserted has established certain minimum contacts with the forum such that requiring that person to defend interests in the forum would not offend traditional notions of fair play and substantial justice, and where such person has purposely availed himself of the privilege of conducting activities within the forum state, thus invoking the benefits and protection of state laws, jurisdiction will be upheld. See Peanut Corp. of Am. v. Hollywood Brands, Inc., 696 F.2d 311, 314 (4th Cir.1982). Each assertion of jurisdiction is to be tested case by case. Id. In the instant case, neither Telles nor Driver was a Virginia resident. Their only asserted contacts with the state of Virginia were incidental to executing an outstanding arrest warrant prepared by a federal magistrate, delivering Tang-Fortaleche into federal custody, and participating as witnesses in Tang-Fortaleche's trial. Tang-Fortaleche's assertion that Driver and Telles purposefully availed themselves of the privileges of conducting activities in Virginia by prosecuting Tang-Fortaleche there is without merit. The government's selection of Virginia as the trial forum is irrelevant on the issue of establishing that Driver and Telles, in their individual capacities, had purposefully availed themselves of the privilege of conducting activities in the forum state.
 
 II
 
 4
 We turn next to the district court's Fed.R.Civ.P. 12(b)(3) dismissal for improper venue. Because Tang-Fortaleche's claim is not based solely on diversity, venue is proper only in the district in which all defendants reside or in which the claim arose. See 28 U.S.C. § 1391(b). Because Telles and Driver do not reside in Virginia, venue would only be proper in the Western District of Virginia if, as Tang-Fortaleche contends, the claim arose there. Although this Circuit has not yet prescribed the test to be used in analyzing venue under 28 U.S.C. § 1391(b), district courts within the Fourth Circuit require the plaintiff to show that a substantial part of the events giving rise to the claim occurred in the district. See United States v. Douglas, 626 F.Supp. 621, 624 (E.D.Va.1985) (citing cases). In the instant case, Tang-Fortaleche asserts that Telles and Driver planned and plotted to have the drug prosecution deliberately end up in Virginia. Even if this were true, Tang-Fortaleche's "abduction" occurred in Panama. Other than transporting Tang-Fortaleche to Virginia, plaintiff does not allege that there are any material witnesses or evidence in the Western District of Virginia. Section 1391(b) restricts venue either to the defendant's residence or to a place that may be more convenient to the litigants or to the witnesses who are to testify in the case. See Leroy v. Great Western United Corp., 443 U.S. 173, 184-85 (1978). In most cases, the purpose of a statutorily specified venue statute is to protect the defendant against the risk that a plaintiff will select an unfair or inconvenient place for trial. Id. at 183-84. Therefore, lacking any allegation that material witnesses or evidence exist in the Western District of Virginia, or that the convenience of the litigants would be served by trying this case in the Western District of Virginia, we hold that the trial court properly dismissed Tang-Fortaleche's claim for improper venue.
 
 
 5
 AFFIRMED.